J-S46016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALBERTO RODRIGUEZ | |
| Appellant | No. 2457 EDA 2015 |

Appeal from the PCRA Order August 5, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004156-2012

BEFORE: BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.: **FILED AUGUST 19, 2016**

Alberto Rodriguez appeals from the order entered August 5, 2015, in the Court of Common Pleas of Philadelphia County, denying his petition filed pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Rodriguez seeks relief from the judgment of sentence of an aggregate term of 7½ to 15 years' imprisonment imposed on September 19, 2012, following his open guilty plea to charges of aggravated assault, robbery, criminal conspiracy, and carrying a firearm without a license.[1] On appeal, Rodriguez argues the PCRA court erred in denying his petition without first conducting an evidentiary hearing on his claim that plea counsel

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] *See* 18 Pa.C.S. §§ 2702, 3701, 903, and 6106, respectively.

rendered ineffective assistance by failing to challenge his guilty plea colloquy. Based upon the following, we affirm.

The PCRA court summarized the facts underlying this appeal as follows:

> At approximately 5:40 p.m. on January 7, 2012, [Rodriguez] and an unidentified male entered The Fish Tank Guy, a store located at 3049 North 5th Street in Philadelphia, PA. [Rodriguez] was armed with a .32 caliber revolver and wore a handkerchief across his face. Upon entering the store, [Rodriguez] held that .32 caliber revolver to Hector Berrios's head and demanded money from [Berrios]. [Berrios] then delivered $100 cash from the store's cash register. After the unidentified male collected the $100 cash, he and [Rodriguez] proceeded to exit the Store. However, before exiting the Store, [Rodriguez] fired two shots at [Berrios], one of which struck [Berrios]'s leg causing serious injuries that required an extensive hospital stay and multiple surgeries. [Berrios] unsuccessfully returned fire with his lawful firearm. [Rodriguez] and the unidentified male fled the store unscathed. The .32 revolver was recovered on an adjacent sidewalk with two spent rounds in the chamber. Roughly one month after the January 7, 2012 incident, [Rodriguez] went to church and confessed his involvement in the criminal activity to a pastor. [Rodriguez] gave law enforcement a comprehensive statement and was fully cooperative with the detectives.

PCRA Court Opinion, 10/7/2015 at 2-3 (record citations omitted).

Rodriguez was subsequently charged with several offenses, and on August 1, 2012, entered an open guilty plea to one count each of aggravated assault, robbery, conspiracy, and firearms not to be carried without a license. He was sentenced, on September 19, 2012, to two

concurrent mandatory minimum terms of five to 10 years' imprisonment[2] on the charges of aggravated assault and robbery, and a consecutive term of two and one-half to five years' imprisonment on the charge of conspiracy. No further punishment was imposed for the firearms charge. Rodriguez did not file a direct appeal.

Subsequently, on May 17, 2013, Rodriguez filed a timely, *pro se* PCRA petition. Counsel was appointed, and filed an amended petition on July 28, 2014, asserting plea counsel's ineffectiveness in failing to object to a deficient colloquy caused Rodriguez to enter an unknowing and involuntary plea. Specifically, counsel averred the trial court failed to inform Rodriguez "of the elements and nature of the charges against him and the permissible range of sentences and/or fines for the offenses charged[.]" Amended Post Conviction Petition for Relief Pursuant to 42 Pa.C.S. § 9543, 7/28/2014, at 4. The Commonwealth filed a motion to dismiss the petition on March 13, 2015. Thereafter, the PCRA court provided Rodriguez with notice of its intent to dismiss his petition, pursuant to Pa.R.Crim.P. 907, without first conducting an evidentiary hearing. On June 30, 2013, Rodriguez filed a *pro se* supplemental petition, asserting the mandatory minimum sentences imposed are illegal pursuant to the decision in ***Alleyne v. United States***,

_____

[2] ***See*** 42 Pa.C.S. § 9712 (mandatory minimum five year sentence for offenses committed with a firearm).

133 S.Ct. 2151 (U.S. 2013).[3]  Nevertheless, the PCRA court dismissed

Rodriguez's petition on August 5, 2015,[4] and this timely appeal followed.[5]

_____

[3] In **Alleyne**, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, **supra**, 133 S. Ct. at 2155.  In interpreting that decision, the courts of this Commonwealth have determined that our mandatory minimum sentencing statutes, including Section 9712, are unconstitutional where the language of those statutes "permits the trial court, as opposed to the jury, to increase the defendant's minimum sentence based upon a preponderance of the evidence" standard.  **Commonwealth v. Newman**, 99 A.3d 86, 98 (Pa. Super. 2014) (*en banc), appeal denied*, 121 A.3d 247 (Pa. 2015); **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014) (invalidating 42 Pa.C.S. § 9712), *appeal denied*, 124 A.3d 309 (Pa. 2015).

Although Rodriguez's counsel did not include this claim in the amended petition, or the court-ordered concise statement, we acknowledge that we may raise a legality of sentencing issue *sua sponte*, so long as there is "a basis for our jurisdiction to engage such review." **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014) (holding appellate court had no jurisdiction to consider **Alleyne** claim raised in untimely petition).  Nevertheless, Rodriguez is not entitled to relief on this claim.  Recently, in **Commonwealth v. Washington**, ____ A.3d ____, ____, 2016 WL 3909088, at *8 (Pa. July 19, 2016), the Pennsylvania Supreme Court definitively held that "**Alleyne** does not apply retroactively to cases pending on collateral review."  The Court found **Alleyne** did not meet either criteria for the retroactive application of a new constitutional law outlined in **Teague v. Lane**, 489 U.S. 288 (1989) (plurality), in that it was neither "substantive in character, [nor a] watershed rule[] of criminal procedure." **Washington**, **supra**, ____ A.3d at ____, 2016 WL 3909088, at *2 (citations and internal punctuation omitted).  Moreover, the Court also declined to "recognize an independent state-level retroactivity jurisprudence grounded on fairness considerations." **Id.** at ____, 2016 WL 3909088, at *7.

In the present case, Rodriguez's judgment of sentence was final and his case was pending on collateral review at the time **Alleyne** was decided in June of 2013.  Therefore, pursuant to **Washington**, **supra**, he is not entitled to relief from his mandatory minimum sentences.

Rodriguez's sole issue on appeal asserts the PCRA court erred in summarily dismissing his petition without first conducting an evidentiary hearing on his claim that counsel provided ineffective assistance at the time of his guilty plea.

Our standard of review is well settled: "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2014) (quotations and citation omitted), *cert. denied*, 134 S.Ct. 2695 (U.S. 2014). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." *Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted). Moreover,

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently

*(Footnote Continued)* _____

[4] We note the PCRA court initially dismissed the petition on July 17, 2015, stating that the issues raised were without merit "pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 2008)." Order, 7/16/2015. Rodriguez filed a *pro se* notice of appeal from that order. However, on August 5, 2015, the court issued a replacement order dismissing Rodriguez's petition, and explaining that the prior order was "inadvertently filed as dismissal under *Finley*." Order, 8/5/2015. Counsel then filed a timely notice of appeal from the August 5th order.

[5] On August 5, 2015, the PCRA court ordered Rodriguez to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Rodriguez complied with the trial court's directive, and filed a concise statement on August 17, 2015.

- 5 -

frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (citations and internal citations omitted).

Where, as here, the petitioner's claim asserts the ineffective assistance of counsel caused him to enter an involuntary plea, we must also bear in mind the following:

"To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." Where the petitioner fails to meet any aspect of this test, his claim fails.

*Commonwealth v. Henkel*, 90 A.3d 16, 30 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014) (internal citations omitted). In the context of a guilty plea, the prejudice prong requires the petitioner to demonstrate "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 370 (Pa. Super. 2006), *quoting Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Here, Rodriguez's ineffectiveness claim focuses on the content of his plea colloquy. Specifically, he claims "[he] was never asked if he understood, nor was it explained to him on the record, the elements and

nature of the charges against him and the permissible ranges of sentences and/or fines for the offenses charged." Rodriguez's Brief at 12. Further, Rodriguez asserts counsel had no reasonable basis for failing to challenge the plea deficiency, and, had he known the elements of the crimes and the permissible range of sentences, "it is highly []likely he would not have entered a guilty plea." *Id.* at 18.

In considering the validity of a guilty plea colloquy, we note "[t]he Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea." *Commonwealth v. Prendes*, 97 A.3d 337, 352 (Pa. Super. 2014) (citations omitted), *appeal denied*, 105 A.3d 736 (Pa. 2014). Pursuant to Rule 590, the court should inquire whether the defendant understands, *inter alia*, "the nature of the charges to which he or she is pleading guilty[,]" and "the permissible ranges of sentences and fines possible." Pa.R.Crim.P. 590, Comment. However, "nothing in the rule precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings." *Commonwealth v. Bedell*, 954 A.2d 1209, 1212–1213 (Pa. Super. 2008) (citation omitted), *appeal denied*, 964 A.2d 893 (Pa. 2009).

Thereafter,

[t]he reviewing Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that

plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Prendes*, *supra*, 97 A.3d at 352 (citations omitted). Accordingly, even if there is an omission in the oral plea colloquy, "a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011) (citation omitted).

In the present case, the PCRA court found Rodruigez's ineffectiveness claim had no arguable merit. The court opined:

[T]he plea court's failure to delineate the elements of the crimes and to discuss exact sentences and/or fines for the crimes charged is not detrimental. Prior to the plea colloquy, [Rodriguez] executed a Written Guilty Plea Colloquy with his attorney. *See* Written Guilty Plea Colloquy, p. 1-4. Among other things, this 4-page document explains [Rodriguez's] rights and [Rodriguez's] sentence and fine ranges. *Id.* at 1-3. On two separate pages, this written plea colloquy stated that [Rodriguez's] attorney explained to [him] the elements of the crimes charged.[1] Moreover, the written colloquy form contained handwritten notations in various sections. In particular, directly below the line stating that [Rodriguez's] lawyer made him aware of the elements of the crimes, [Rodriguez] wrote in that he could go to jail for "67" years and could be fined "$90,000.00" for the crimes he committed. *Id.* at 1. [Rodriguez] acknowledged that he was made aware of these elements and that he was satisfied with his attorney's explanation of them to him. *Id.* at 4.

_____

[1] The written colloquy states the following: "My lawyer told me what the elements of the crime(s) are that the District Attorney must prove to convict me." *Id.* at 1.

- 8 -

> "The crimes and elements of the crime(s) have been explained to me." *Id.* at 3.

---

> In addition, on numerous occasions during the oral plea colloquy, the plea court assured that [Rodriguez] had adequate time to review the written guilty plea colloquy form with his attorney. (N.T. 08/01/15 at 2, 3, 6, 7). Specifically, [Rodriguez] stated that he was "satisfied that [his attorney] explained … all of the tenets that go with th[e] form about [his] right to trial, [his] parole rights, [his] risk of deportation, [and] all of the things that go with [the written guilty plea colloquy form] …." (*Id.* at 8). On the record, the court made [Rodriguez] aware of the grades and degrees of the crimes that he was pleading guilty to. (*Id.* at 15-16). Moreover, the plea court explained [Rodriguez's] presumption of innocence, the Commonwealth's burden of proof, his right to ether a jury or bench trial, his right to challenge evidence presented by the Commonwealth, and the requirement of a unanimous jury verdict to convict him of the charges. (*Id.* at 3-5). In addition, the Commonwealth summarized the facts of the case on the record. [Rodriguez] confirmed to the plea court that those were the facts that he was pleading guilty to. (Id. at 15). Under the totality of the circumstances, there were no detrimental inadequacies in the plea court's oral colloquy that would suggest that [Rodriguez's] guilty plea was unknowing and involuntary because he was not informed of the elements of the crimes against him or the possible sentences and/or fines for these crimes.

PCRA Court Opinion, 10/7/2015, at 7-8.

Our review of both the written and the oral plea colloquies reveal the PCRA court's findings are supported by the record. *Taylor*, *supra*. First, the written colloquy specifically set forth the maximum sentence the trial court could have imposed for Rodriguez's crimes. *See* Written Guilty Plea Colloquy, 8/1/2012, at 1. Therefore, Rodriguez's claim that he was unaware of the permissible range of sentences is belied by the record.

Further, while we concede the specific elements of the crimes to which Rodriguez entered a guilty plea were not delineated in either the written or oral colloquy, we agree with the PCRA court's conclusion that, under the totality of the circumstances, Rodriquez is entitled to no relief. Indeed,

> [o]ur Supreme Court has repeatedly stressed that where the totality of the circumstances establishes that a defendant was aware of the nature of the charges, the plea court's failure to delineate the elements of the crimes at the oral colloquy, standing alone, will not invalidate an otherwise knowing and voluntary guilty plea. **Commonwealth v. Schultz**, 505 Pa. 188, 477 A.2d 1328 (1984); **Commonwealth v. Martinez**, 499 Pa. 417, 453 A.2d 940 (1982); **Commonwealth v. Shaffer**, 498 Pa. 342, 446 A.2d 591 (1982).

**Commonwealth v. Morrison**, 878 A.2d 102, 107 (Pa. Super. 2005), *appeal denied*, 887 A.2d 1241 (Pa. 2005).

As the PCRA court explained, Rodriguez acknowledged twice in the written colloquy that his attorney explained to him the elements of the crimes charged. **See** Written Guilty Plea Colloquy, 8/1/2012, at 1, 3. Furthermore, during the oral colloquy, Rodriguez admitted: (1) he reviewed the entire written colloquy thoroughly with his attorney; (2) he was satisfied his attorney explained "all of the things that go with [the] form;" and (3) he signed the form. N.T. 8/1/2012, at 6-8. At one point, when Rodriguez stated he needed more time to talk to his attorney, the trial court stopped the proceedings so that Rodriguez could consult with counsel. **Id.** at 7. It is well-established that "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later

- 10 -

assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." **Yeomans**, **supra**, 24 A.3d at 1047.

Moreover, the recitation of the facts by the Commonwealth during the oral colloquy, with which Rodriguez stated he agreed, were more than sufficient to support the crimes of aggravated assault, robbery, conspiracy and carrying a firearm without a license. **See** N.T., 8/1/2012, at 12-15. The Supreme Court has explained: "In a case where ample, competent evidence in support of a guilty plea is made a matter of record, allegations of manifest injustice arising from the guilty plea must go beyond a mere claim of lack of technical recitation of the legal elements of the crimes." **Commonwealth v. Martinez**, 453 A.2d 940, 943 (Pa. 1982).

Therefore, while we certainly agree the better practice is to outline the elements of the crimes in open court, we find that under the totality of the circumstances in the present case, Rodriguez's contention that counsel should have objected to the court's colloquy has no arguable merit. Furthermore, even if we did determine counsel should have objected, we have no hesitation in concluding Rodriguez failed to demonstrate prejudice, *i.e.,* there was no "reasonable probability that [he] would have opted to go to trial rather than plead guilty" had he been specifically informed of the elements of the crimes charged. **Commonwealth v. Barndt**, 74 A.3d 185, 199–200 (Pa. Super. 2013).

Here, Rodriguez's claim of prejudice consists solely of a bald allegation in his brief that, had he known the elements of the crimes charged, "it is

- 11 -

highly unlikely he would [] have entered a guilty plea." Rodriguez's Brief at 18. However, this statement stands in sharp contrast to the comments of defense counsel at the sentencing hearing that Rodriquez was "adamant about pleading guilty" even before the preliminary hearing, when a charge of attempted murder was still pending against him. N.T., 9/19/2012, at 9. Counsel further stated Rodriquez decided to plead guilty "long ago," and that was the reason he waived his preliminary hearing. *Id.* at 22. Therefore, Rodriguez did not demonstrate he was prejudiced by counsel's purported omission.[6]

Accordingly, because we find Rodriguez's ineffectiveness claim has no arguable merit, and Rodriguez failed to demonstrate prejudice, we conclude the PCRA court did not abuse its discretion in failing to conduct an evidentiary hearing.

Order affirmed.

---

[6] We note the Commonwealth emphasizes in its brief that when Rodriguez provided the police with an "unsolicited confession" that "accurately reflected the victim's account of the incident," Rodriguez was "not even under investigation" for the crime. Commonwealth's Brief at 10. Therefore, it asserts "[t]here is no reasonable probability that defendant would have made the perilous choice to challenge his confession at trial." *Id.*

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2016